BEFORE THE THIRD DIVISION, JANUARY 4, 1962

**No. 66338.**—United China & Glass Co. *v.* United States, protests 60/23820–15966 and 60/23821–15967 (New Orleans).

JOHNSON, Judge: The merchandise involved in these cases consists of (1) tile plaques in wire frames, assessed with duty at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified, and claimed to be dutiable at various rates under paragraph 202(b), 339, or 397 of said tariff act, as modified; and (2) earthenware picture plaques, composed of earthen tiles and wooden frames, assessed with duty at 25 per centum ad valorem and 10 cents per dozen pieces under paragraph 211 of said tariff act, as modified, and claimed to be dutiable under paragraph 412 of said tariff act, as modified.

Counsel have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protests enumerated in the annexed Schedule of Cases which is incorporated herein:

1. That the merchandise represented by the items marked "T" and initialed HGK by H. G. Kelly on the invoices accompanying the entries [entry] covered by the protests enumerated in the attached Schedule, assessed with duty at 45% ad valorem under Par. 212 of the Tariff Act of 1930, consists of tile plaques in wire frames similar in all material respect to the tile plaques in wire frames the subject of *United China & Glass Co.* v. *United States*, 40 Cust. Ct. 595, Abstract 62057, wherein the tile portions of said articles were held to be properly classifiable as articles composed in chief value of earthen tiles, subject to duty at 12½% ad valorem under Par. 202(b) of the Tariff Act of 1930 as modified by T.D. 52373 and T.D. 52476, and the metal frame portions were held to be properly classifiable under Par. 397 of said Act as modified by T.D. 54108, subject to duty at 20% ad valorem under Par. 397 as thus modified, which rate had been reduced as to merchandise entered or withdrawn from warehouse between June 30, 1956 and June 30, 1957, to 21% ad valorem by T.D. 54108. That the value of the tile and wire portions of said articles is set out in the Schedule of cases attached hereto.

2. That the merchandise represented by the items marked "B" and initialed HGK by H. G. Kelly on the invoices accompanying entries [entry] covered by the protests enumerated in the attached Schedule, assessed with duty at 25% ad valorem and 10¢ per dozen pieces under Par. 211 of the Tariff Act of 1930, consists of earthenware picture plaques composed of earthen tiles and wood frames in chief value of wood, similar in all material respects except component material of chief value to the decorated tile plaques in wood frames the subject

of *Kreiss & Co., Ltd., Quon Quon Co.* v. *The United States*, 46 Cust. Ct. 236, C.D. 2261, wherein said articles were held to be entireties and properly classifiable according to their component material of chief value; that said articles initialed "B" are entireties in chief value of wood, which are provided for in Par. 412 of said Act as modified by T.D. 51802 and 52373, as manufactures of wood or of which wood is the component material of chief value, dutiable at the rate of 16⅔% ad valorem.

3. That the record in Abstract 62057 and C.D. 2261 may be incorporated with the record in this case.

4. That the claims in the protests as to any other merchandise excepting those items marked "T" and "B" are hereby abandoned.

5. That the right to first docket call and further amendment to these protests is hereby waived.

6. That these protests may be deemed submitted on this stipulation and the record thus made.

In *Kreiss & Co., Ltd., et al.* v. *United States*, 46 Cust. Ct. 236, C.D. 2261, it was stipulated that the merchandise consisted of earthen tiles in wooden frames; that they were permanently joined and not severable in their condition as imported; and that the articles were in chief value of tile. The question litigated was whether the merchandise was dutiable under paragraph 211 of the Tariff Act of 1930, as modified, as decorated earthenware articles, or under paragraph 202(b), as modified, as articles, composed wholly or in chief value of earthen tiles, and it was held that Congress intended to provide for such articles under paragraph 202(b), rather than under paragraph 211. In the instant case, it has been stipulated that the articles described as earthenware picture plaques are similar to those involved in the case cited, except that they are in chief value of wood. Since, under the stipulated facts, the articles are entireties in chief value of wood, they are not classifiable under either paragraph 211 or paragraph 202(b), but are properly dutiable under paragraph 412 as manufactures in chief value of wood.

On the record presented, we hold:

1. That the merchandise represented by the items marked with the letter "T" and with the initials of the examiner on the invoices accompanying the entry, covered by the protests enumerated in the attached schedule, is not an entirety; that the tile portion is properly dutiable at 12½ per centum ad valorem under paragraph 202(b) of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T.D. 52373, and the President's proclamation of May 13, 1950, T.D. 52476, as articles, composed wholly or in chief value of earthen tiles, other than pill tiles, and that the wire frames are properly dutiable under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate in effect when the items were entered, or withdrawn from warehouse, for consumption, as articles, composed wholly or in chief value of metal, not plated with platinum, gold, or silver, not specially provided for; and

2. That the merchandise represented by the items marked with the letter "B" and with the initials of the examiner on the invoices accompanying the entry, covered by the protests enumerated in the attached schedule, consists of entireties, properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T.D. 52373, and the President's proclamation of May 13, 1950, T.D. 52476, as manufactures of which wood is the component material of chief value.

To that extent, the protests are sustained. As to all other items and in all other respects, the protests, having been abandoned, are overruled. Judgment will be rendered accordingly.