No. 66693.—Arnart Imports, Inc. *v.* United States, protest 61/1585 (New York).

JOHNSON, Judge: The merchandise involved in this case consists of wall plaques composed of an oval porcelain center portion, ornamented with figures, laid in a velvet pad, and enclosed in a decorated wooden frame. The pieces are held together by metal toggles at the back. A wire for hanging is attached to the frame. Said merchandise is designated on the invoice as items No. 6858P and 6858T.

The wooden portion was assessed with duty at 15 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as a wooden picture frame. The porcelain portion, the velvet pad, and the metal toggles were classified as an entirety and assessed with duty at 45 per centum ad valorem under paragraph 212 of said tariff act, as modified, as vitrified ware, not specially provided for.

It was claimed in the original protest that the merchandise was dutiable as an entirety at 15 per centum ad valorem under said paragraph 412, as modified, or at 18 per centum ad valorem, under paragraph 339, as modified. The protest was subsequently amended to include a claim that the merchandise was dutiable at 16⅔ per centum ad valorem under said paragraph 412, as modified.

At the trial, counsel for the respective parties agreed that the article is in chief value of wood and stipulated:

MR. MANDELL: And I ask the Government to agree with me that the following stipulation be noted on record: That the article is a wall plaque, chiefly used as a wall decoration; that it is composed of the following essential parts: It is composed of a wood frame, a metal toggle, a velvet pad, and a porcelain part; and that all these parts are necessary parts of the article.

MRS. ZIFF: We so stipulate.

MR. MANDELL: * * * It is further stipulated and agreed that the article is bought and sold in the condition as imported, as a wall plaque; and further, that it is used solely in the condition as imported.

MRS. ZIFF: We so agree.

MR. MANDELL: And we respectfully submit that the issue of law is similar to the issues passed on by the Court in Ross Products, Inc. vs. United States, in 43 Customs Court 74, C.D. 2106.

MRS. ZIFF: We agree.

In *Ross Products, Inc.* v. *United States, supra,* the merchandise consisted of a porcelain plaque, contained in a wire frame about 2 inches wide. The record established that it was imported, bought, sold, and used as a commercial entity and that it was in chief value of iron or steel, not plated. We held, therefore, that the article was an entirety, properly dutiable under paragraph 397 of the Tariff Act of 1930, as modified, as an article in chief value of iron or steel, not plated with platinum, gold, or silver, or colored with gold lacquer.

In a more recent case, *United China & Glass Co.* v. *United States,* 48 Cust. Ct. 297, Abstract 66338, we held that earthenware picture plaques, composed of earthen tiles and wooden frames, which were stipulated to be entireties in chief value of wood, were properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures of which wood was the component material of chief value.

On the record presented here, and on the authority of the decisions cited, we hold that the merchandise, designated on the invoice as items 6858P and 6858T, is an entirety, a wall plaque, in chief value of wood, and is properly

dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T.D. 52373, and the President's proclamation of May 13, 1950, T.D. 52476, as a manufacture of which wood is the component material of chief value.

To that extent, the protest is sustained. As to all other claims, it is overruled. Judgment will be rendered accordingly.